United States District Court
Southern District of New York

| | |
|---|---|
| OBERON SECURITIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRIMARY HEALTH PROPERTIES, PLC and PHP PROPERTY MANAGEMENT SERVICES LIMITED,<br><br>Defendants. | 1:26-cv-06542 (JGK)<br><br>**CONFIDENTIALITY STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER** |

**WHEREAS**, the Parties have agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality and protective order pursuant to Federal Rule of Civil Procedure 26(c), the parties hereby stipulate and it is hereby:

**ORDERED** that the following restrictions and procedures shall apply to information and documents exchanged by the parties and non-parties in connection with this action:

1. Counsel for any party or non-party may designate, in whole or in part, as "Confidential Information" any document or information that counsel determines in good faith is proprietary, a trade secret, or otherwise sensitive and non-public, including personally identifying information (*e.g.*, social security numbers, financial account numbers, passwords, and information that could be used for identity theft).

2. Counsel for any party or non-party may designate, in whole or in part, as "Highly Confidential Information" any document or information that counsel determines in good faith is information that is of such a private, sensitive, competitive or proprietary nature that disclosure to

a party would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive interests of the designating party.

3. Confidential Information and Highly Confidential Information includes all substantive information derived from a document or information designated as confidential, including copies, summaries, and abstracts of the Confidential Information or Highly Confidential Information.

4. Neither Confidential Information nor Highly Confidential Information should include information or material that: (a) was, is, or becomes public other than by violation of this Confidentiality Stipulation and Protective Order; (b) is acquired by the non-designating party from a third party having the right to disclose such information or material; or (c) was lawfully possessed by, or lawfully came into the possession of, the non-designating party prior to the entry of this Confidentiality Stipulation and Protective Order.

5. A party or non-party must identify Confidential Information by stamping the information or document "CONFIDENTIAL" or, in the case of deposition testimony, by (a) indicating on the record at the deposition that the information is "Confidential" or (b) providing written notice to that effect to the parties within 14 days after receiving the transcript of the deposition.

6. A party or non-party must identify Highly Confidential Information by stamping the information or document "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or, in the case of deposition testimony, by (a) indicating on the record at the deposition that the information is "Highly Confidential – Attorneys' Eyes Only" or (b) providing written notice to that effect to the parties within 14 days after receiving the transcript of the deposition.

7. A receiving party will only use Confidential Information and Highly Confidential Information for the prosecution or defense of claims in this action, including any appeals.

8. A receiving party shall not disclose Confidential Information to any person except:

a. the receiving party's employees, including in-house counsel, whose assistance is needed by counsel to prosecute or defend the claims in this action;

b. counsel of record and employees of such counsel assigned to and/or assisting in representing the client in this action;

c. consultants or experts assisting in the prosecution or defense of the claims in this action to the extent deemed necessary by counsel;

d. any certified stenographic reporter or videographer and persons assisting such reporter or videographer in the taking, transcription, or other handling of any deposition in this action;

e. the Court (or other person having access to any Confidential Information by virtue of his or her position with the Court);

f. any mediator that the parties may engage in this matter, and those assisting any such mediator; and/or

g. any author or addressee of any confidential document or any individual who testifies during a deposition as to his or her knowledge of the document or information.

9. A receiving party shall not disclose Highly Confidential Information to any person except those identified in Paragraphs 8(b) through (g).

10. Prior to disclosing or displaying Confidential Information or Highly Confidential Information to a person identified in Paragraph 8(c), (f), or (g), counsel must:

a. inform the person of the confidential nature of the information or document;

b. inform the person that this Court has enjoined the use of the information or document by him or her for any purpose other than this litigation and has enjoined the disclosure of the Confidential Information or Highly Confidential Information to any other person; and

c. require each such person to sign an agreement to be bound by this Confidentiality Stipulation and Protective Order in the form attached as **Exhibit A** hereto.

11. The disclosure of a document or information without designating it as Confidential Information or Highly Confidential Information shall not constitute a waiver of the right to later designate such document or information as Confidential Information or Highly Confidential Information. If so later designated, the parties shall thenceforth treat the document or information as Confidential Information or Highly Confidential Information subject to all the terms of this Confidentiality Stipulation and Protective Order.

12. A receiving party is not required to challenge the propriety of a party or nonparty's designation of information or documents as Confidential Information or Highly Confidential Information at the time the designating party or non-party makes the designation or the time the receiving party receives the information, and a failure to do so shall not be deemed an admission of the correctness of the designation or preclude a subsequent challenge to the designation unless the designating party or non-party can show that it would be prejudiced by the receiving party's delayed challenge. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute. In the absence of a consensual resolution, the party challenging a designation may seek resolution by the Court.

13. Nothing in this Confidentiality Stipulation and Protective Order constitutes an admission by any party that any Confidential Information or Highly Confidential Information that

is or may be disclosed is relevant or admissible. Each party reserves the right to object to the use or admissibility of any Confidential Information or Highly Confidential Information.

14. With respect to filing documents under seal or with redactions, the parties will follow Section VII of the Court's Individual Practices. Notwithstanding the designation of information as Confidential Information or Highly Confidential Information in discovery, there is no presumption that such information will remain sealed.

15. At the conclusion of this action, including any appeals, upon written request of the designating party, the receiving party shall promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) return to the designating party or certify as destroyed all Confidential Information and Highly Confidential Information and any copies thereof, except that the parties' counsel are permitted to retain their working files on the condition that those files remain protected.

16. This Confidentiality Stipulation and Protective Order is not binding on the Court or Court personnel.

SO STIPULATED AND AGREED.

Dated: September 22, 2026

GUNGNIR LAW PLLC

By: *<u>/s/ Robert Knuts</u>*
Robert Knuts
P.O. Box 150
Greenport, New York 11944
Tel.: (631) 477-6300
rknuts@gungnirlaw.com

*Counsel for Plaintiff Oberon Securities, LLC*

HUGHES HUBBARD & REED LLP

By: *<u>/s/ Derek J.T. Adler</u>*
Derek J.T. Adler
Neil J. Oxford
Carl W. Mills
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6086
derek.adler@hugheshubbard.com
neil.oxford@hugheshubbard.com
carl.mills@hugheshubbard.com

*Attorneys for Defendants Primary Health Properties PLC and PHP Property Management Services Limited*

SO ORDERED.

[signature]

John G. Koeltl
United States District Judge

9/23/26.

The Court reserves the right to amend this Order at any time.
So ordered.

[signature]
U.S.D.J.

9/23/26

**Exhibit A**

United States District Court
Southern District of New York

| | |
|---|---|
| OBERON SECURITIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRIMARY HEALTH PROPERTIES, PLC and PHP PROPERTY MANAGEMENT SERVICES LIMITED,<br><br>Defendants. | 1:26-cv-06542 (JGK)<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

Counsel has informed me that certain documents or information that counsel may disclose to me in connection with this matter have been designated as Confidential Information or Highly Confidential Information under the terms of the parties' Confidentiality Stipulation and Protective Order, so ordered by the Court on September __, 2026 (the "Order"). I certify that I have reviewed the Order and agree to be bound by it. In particular, I confirm that I will not disclose any Confidential Information or Highly Confidential Information to any person to whom disclosure is not permitted under the Order. I further agree not to use any Confidential Information or Highly Confidential Information for any purpose other than this litigation.

DATED:

______________________________
Signature

______________________________
Name